1

2

3

4

5

6

7

8       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                 AT TACOMA

10   KEVIN MICHAEL BICKLE,

11                   Plaintiff,                     CASE NO. C15-5117 BHS-JRC

12          v.                                      ORDER TO SHOW CAUSE OR FILE
                                                    AN AMENDED COMPLAINT AND
13   PATRICK COONEY, BEN BARNER,                    TO COMPLY WITH COURT RULES
     SCOTT AHLF, OLYMPIA MUNICIPAL
14   JAIL,

15                   Defendants.

16
             The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States
17
     Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local
18
     Magistrate Judge Rules MJR1, MJR3 and MJR4.
19
             The Court has held this action in abeyance, waiting for plaintiff to cure his in forma
20
     pauperis defects (Dkt. 3).  The Court received a copy of plaintiff's trust account statement on
21
     March 23, 2015 (Dkt. 11).  The Court granted plaintiff in forma pauperis status March 24, 2015
22
     (Dkt.13).
23

24

ORDER TO SHOW CAUSE OR FILE AN
AMENDED COMPLAINT AND TO COMPLY
WITH COURT RULES - 1

1    Plaintiff's original complaint is currently before the Court for initial review (Dkt. 14).

2  Also before the Court are a number of letters authored by plaintiff over the last several weeks

3  (Dkt. 2, 4, 5, and 10).  In addition, plaintiff has filed a letter-style motion asking for leave to add

4  another defendant to the action (Dkt. 7).

5    1.    Letters to the Court.

6    All requests for Court action in a case must be presented as motions that plaintiff notes

7  for hearing.  *See generally*, Local Civil Rule 7.  Filing letters that ask the Court for action is

8  inappropriate.  Further, the Clerk's Office scans letters into the system and then the letters are

9  filed, but because there is not a motion or a noting date, there is nothing that brings the matter to

10  the Court's attention for consideration.  Plaintiff's letters do not appear on the Court's motion

11  calendar.

12    Plaintiff has filed a number of letters that the Court will not consider (Dkt. 2, 4, 5, and

13  10).  The Court notes that in some of these letters plaintiff threatens self harm (Dkt. 2 and 5).

14  Plaintiff's letters to the Court are public documents.  The Clerk's Office may share threatening

15  information with jail officials.

16    2.    Screening.

17    28 U.S.C. §1915A directs the Court to screen complaints prior to service.  The statute

18  states:

19    a) Screening.--The court shall review, before docketing, if feasible or, in any event,
     as soon as practicable after docketing, a complaint in a civil action in which a
20    prisoner seeks redress from a governmental entity or officer or employee of a
     governmental entity.

21

22    (b) Grounds for dismissal.--On review, the court shall identify cognizable claims
     or dismiss the complaint, or any portion of the complaint, if the complaint--

23      (1) is frivolous, malicious, or fails to state a claim upon which relief may
       be granted; or

24

ORDER TO SHOW CAUSE OR FILE AN
AMENDED COMPLAINT AND TO COMPLY
WITH COURT RULES - 2

1   (2) seeks monetary relief from a defendant who is immune from such
  relief.

2

3   (c) Definition.--As used in this section, the term "prisoner" means any person
  incarcerated or detained in any facility who is accused of, convicted of, sentenced
  for, or adjudicated delinquent for, violations of criminal law or the terms and
4   conditions of parole, probation, pretrial release, or diversionary program.

5   28 U.S.C. § 1915A.

6     A.    Allegations in the complaint.

7    Plaintiff alleges that his attorney in a criminal case, Patrick Cooney, should be disbarred

8 (Dkt. 14, p. 3).  Plaintiff provides no facts to support his request for his attorney's disbarment.

9    Plaintiff alleges that Olympia Police arrested him for violation of a no contact order (*id.*

10 at p. 5).  Plaintiff alleges Thurston County Sheriff's Deputies arrested him one day later claiming

11 that a third violation of a no contact order is a felony (Dkt. 14, p. 5).  Plaintiff claims that after

12 making bail he was immediately taken to the Olympia Municipal Jail, but he does not identify

13 who arrested him and brought him to the Municipal Jail (*id.*).  Plaintiff alleges on Monday

14 morning in municipal court, Judge Scott Ahlf asked plaintiff if he wanted an attorney (Dkt. 14, p.

15 6).  Plaintiff states that after plaintiff began to recite the 28th Amendment to the Washington

16 State Constitution, the judge began to walk off the bench (Dkt. 14, p. 7).  Plaintiff alleges that the

17 judge returned to the bench, stated that he had no jurisdiction in the matter because the charge

18 had been amended to failure to comply, and that the court's fine was paid in full (*id.*).

19    Plaintiff also alleges that the judge ordered plaintiff to undergo a mental health evaluation

20 (Dkt. 14, p. 8).  Plaintiff alleges that he has court dates to appear in both Municipal Court and

21 Superior Court on the same day, March 2, 2015 (*id.*)

22    Plaintiff asks the Court to order Ben Barner and Scott Ahlf to resign (Dkt. 14, p. 9).

23 Plaintiff has identified Scott Ahlf as a Municipal Court Judge (Dkt. 14, pp. 6-7).  Plaintiff does

24

ORDER TO SHOW CAUSE OR FILE AN
AMENDED COMPLAINT AND TO COMPLY
WITH COURT RULES - 3

1    not identify what position Mr. Barner holds or what facts in plaintiff's complaint relate to Mr.

2    Barner.  Further, Plaintiff asks the Court to order his immediate release on his own recognizance

3    (Dkt. 14, p. 9).  Plaintiff does not ask for monetary damages.

4           B.      Discussion on screening.

5           To state a claim under 42 U.S.C. § 1983, plaintiff must meet three elements.  (1)

6    defendant must be a person acting under the color of state law; (2) the person's conduct must

7    have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of

8    the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other

9    grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy*

10   *City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d

11   1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980).  When a plaintiff fails to

12   allege or establish one of the three elements, his complaint must be dismissed.  That plaintiff

13   may have suffered harm, even if due to another's negligent conduct does not in itself necessarily

14   demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344,

15   106 S. Ct. 668 (1986).  Vague and conclusory allegations of official participation in civil rights

16   violations are not sufficient to withstand a motion to dismiss.  *Pena v. Gardner*, 976 F.2d 469,

17   471 (9th Cir. 1992).

18          Plaintiff asks the Court to disbar his criminal defense counsel, Patrick Cooney (Dkt. 14,

19   p. 3).  A defense attorney, even if he is assigned counsel, does not act under color of state law.

20   *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981).  Accordingly, plaintiff's attempt to sue

21   this person in a civil rights action is frivolous.

22          The only other defendant identified as being associated with any specific facts in the

23   complaint is Municipal Court Judge Scott Ahlf (Dkt. 14, p. 6).  Judges are absolutely immune

24

ORDER TO SHOW CAUSE OR FILE AN
AMENDED COMPLAINT AND TO COMPLY
WITH COURT RULES - 4

1    from damages for judicial acts taken within the jurisdiction of their courts.  *Mullis v. United*

2    *States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Ashelman v. Pope*, 793 F.2d

3    1072, 1075 (9th Cir. 1986).  Even grave procedural errors or acts in excess of judicial authority

4    do not deprive a judge of this immunity.  *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1973).  As

5    long as the judge's ultimate acts are judicial actions, taken within the court's subject matter

6    jurisdiction, immunity applies.  *Ashelman*, 793 F.2d at 1078.

7            Plaintiff seeks release from custody.  If a plaintiff is challenging the very fact or duration

8    of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled

9    to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy

10   is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).The United States

11   Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has

12   no cause of action under § 1983 unless and until the conviction or sentence is reversed,

13   expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck v. Humphrey*,

14   512 U.S. 477, 487 (1994).

15           [T]he determination whether a challenge is properly brought under § 1983 must
             be made based upon whether 'the nature of the challenge to the procedures [is]
16           such as necessarily to imply the invalidity of the judgment.' *Id.*  If the court
             concludes that the challenge would necessarily imply the invalidity of the
17           judgment or continuing confinement, then the challenge must be brought as a
             petition for a writ of habeas corpus, not under § 1983."
18
19   *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S.

20   641 (1997)).  Plaintiff's request for relief from custody should be dismissed.  If plaintiff is

     seeking release from custody, he should bring a 2254 petition for habeas corpus.
21
     //
22
     //
23
     //
24

ORDER TO SHOW CAUSE OR FILE AN
AMENDED COMPLAINT AND TO COMPLY
WITH COURT RULES - 5

1    3.        Amendment of the complaint.

2        Plaintiff's complaint fails to state a claim and is subject to dismissal; however, plaintiff

3    also seeks leave to amend his complaint (Dkt. 7) (letter motion to add a defendant).  Local Civil

4    Rule 15 applies to amendment of the pleadings. The rule states:

5        A party who moves for leave to amend a pleading, or who seeks to amend a
         pleading by stipulation and order, must attach a copy of the proposed amended
6        pleading as an exhibit to the motion or stipulation. The party must indicate on the
         proposed amended pleading how it differs from the pleading that it amends by
7        bracketing or striking through the text to be deleted and underlining or
         highlighting the text to be added. The proposed amended pleading must not
8        incorporate by reference any part of the preceding pleading, including exhibits. If
         a motion or stipulation for leave to amend is granted, the party whose pleading
9        was amended must file and serve the amended pleading on all parties within
         fourteen (14) days of the filing of the order granting leave to amend, unless the
10       court orders otherwise.

11       Plaintiff has not followed this Court's Local Rule.  Instead, plaintiff sent a letter to the

12   Court asking for permission to add Jennifer Goodwin as a defendant (Dkt. 7).  Jennifer Goodwin

13   is the person plaintiff alleges performed plaintiff's court ordered mental health evaluation (Dkt.

14   14, p. 8).  From the facts plaintiff supplies, the Court is not in a position to determine if Ms.

15   Goodwin is acting under color of state law or is a private person contracted to perform mental

16   health evaluations.  In either event, plaintiff has not complied with Local Rules for amending the

17   complaint and no further action will be taken in regard to that request unless plaintiff takes

18   appropriate action under the Local Rules.

19       Under Fed. R. Civ. P. 15(a) plaintiff does not need leave of Court to file an amended

20   complaint because no defendant has been served and no answer has been filed.  *See*, Fed. R. Civ.

21   P. 15(a) (outlining amendment as a matter of right).  Plaintiff's amended complaint must be filed

22   on or before **May 8, 2015**.  The amended complaint will act as a complete substitute for the

23

24

ORDER TO SHOW CAUSE OR FILE AN
AMENDED COMPLAINT AND TO COMPLY
WITH COURT RULES - 6

1   original and not as a supplement.  No portion of the original complaint will be considered by the

2   Court including exhibits.

3        The Clerk's office is directed to remove (Dkt. 7), from the Court's calendar, send

4   plaintiff a new civil rights and 2254 habeas corpus form, and note the May 8, 2015 date on the

5   Court's calendar.  Plaintiff will need to decide which type of action he is trying to file.

6        Dated this 25th day of March, 2015.

7

8        J. Richard Creatura
         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24