UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN MICHAEL BICKLE,

    Plaintiff,

  v.

PATRICK COONEY, BEN BARNER, SCOTT AHLF and OLYMPIA MUNICIPAL JAIL,

    Defendants.

CASE NO. 15-cv-5117-BHS-JRC

REPORT AND RECOMMENDATION FOR DISMISSAL ON ORDER TO SHOW CAUSE

NOTED: June 26, 2015

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

  This matter is before the Court on the Court's Order to Show Cause or File an Amended Complaint and to Comply with Court Rules (*see* Dkt. 15). Because plaintiff has failed to comply with this Court's Order to Show Cause and has not filed an amended complaint, plaintiff's complaint should be dismissed.

**BACKGROUND**

On March 25, 2015, the Court performed an initial review of plaintiff's complaint and noted that also before the Court were a number of letters authored by plaintiff (*see id.*, p. 2). The Court advised plaintiff that writing letters to the Court is not appropriate and that "requests for Court action in a case must be presented as motions that plaintiff notes for hearing" (*id.* (*citing, generally*, Local Civil Rule 7)).

In the context of conducting an initial review of plaintiff's complaint, the Court summarized plaintiff's allegations and discussed the required elements of a viable claim under 42 U.S.C. § 1983 (*see id.*, pp. 3-4). The Court informed plaintiff that his attempt to sue his defense attorney "is frivolous," as a "defense attorney, even if he is assigned counsel, does not act under color of state law" (*see id.*, p. 4 (*citing Polk County v. Dodson,* 454 U.S. 312, 317-18 (1981))). The Court also noted that the "only other defendant identified as being associated with any specific facts in the complaint is Municipal Court Judge Scott Ahlf" (*see id.*, p. 4 (*citing* Dkt. 14, p. 6)). The Court informed plaintiff that "Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts" (*id.* at pp. 4-5 (citations omitted)).

Next, the Court addressed plaintiff's request to be released from custody and noted that if plaintiff "is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus" (*id.* at p. 5 (citations omitted)). The Court advised plaintiff that his request for relief from custody would be dismissed and that if he "is seeking release from custody, he should bring a 2254 petition for habeas corpus" (*id.*).

Finally, the Court addressed plaintiff's request to amend his complaint (*see id.* at p. 6 (*citing* Dkt. 7)). The Court quoted Local Rules W.D. Wash Civil Rule 15 and concluded that plaintiff did not follow this Court's Local Rule when attempting to amend his complaint, but instead, "sent a letter to the Court asking permission to add Jennifer Goodwin as a defendant" (*see id.* (*citing* Dkt. 7)). The Court noted that Jennifer Goodwin is the person who plaintiff alleges performed plaintiff's court ordered mental health evaluation; however, from the facts plaintiff supplied, "the Court is not in a position to determine if Ms. Goodwin is acting under color of state law or is a private person contracted to perform mental health evaluations" (*id.*).

The Court informed plaintiff that no further action will be taken regarding his request to add this defendant unless plaintiff takes appropriate action under the Local Rules (*see id.*). The Court informed plaintiff that pursuant to "Fed. R. Civ. P. 15(a) plaintiff does not need leave of Court to file an amended complaint because no defendant has been served and no answer has been filed" (*id.* (*citing* Fed. R. Civ. P. 15(a)). However, the Court also informed plaintiff that his "amended complaint must be filed on or before May 8, 2015" (*id.*).

The Court directed the Clerk's office to send plaintiff a new civil rights and 2254 habeas corpus form (*see id.*, p. 7). The Court informed plaintiff that he needed to decide which type of action that he is attempting to file (*see id.*). Subsequent to this Court's Order to Show Cause, plaintiff has not filed an amended complaint.

## CONCLUSION

Despite the Court's order instructing plaintiff to file his amended complaint on or before May 8, 2015, plaintiff has not filed an amended complaint (*see id.* at p. 6). As the Court advised plaintiff that his complaint failed to state a claim and was subject to dismissal; and advised

plaintiff that he must file any amended complaint by May 8, 2015, the Court therefore now recommends that plaintiff's complaint be dismissed (*see id.*).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 26, 2015, as noted in the caption.

Dated this 2nd day of June, 2015.

J. Richard Creatura
United States Magistrate Judge